## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> MAMIYA AMERICA CORPORATION, d/b/a MAC GROUP, AND KUPO CO. LTD., <br><br> Defendants. | Case No. 7:20-CV-03148-NSR <br><br> [~~PROPOSED~~] CONSENT JUDGMENT |

This matter came before the Court on the joint submission by Plaintiff National Products Inc. ("NPI") and Defendants Mamiya America Corporation d/b/a MAC Group and Kupo Co. Ltd. (collectively, "Defendants") of this [Proposed] Consent Judgment. The parties have had ample opportunity to assess the relevant facts and applicable law during the pendency of this lawsuit. Further, NPI and Defendants have executed a settlement agreement that resolves the claims at issue in this case. Accordingly, **the parties stipulate to the following:**

1. Plaintiff NPI is a Washington State corporation with its principal place of business at 8410 Dallas Avenue S., Seattle, WA 98108. NPI is in the business of manufacturing and selling mounting systems under, for example, the RAM and RAM MOUNTS product lines.

2. Defendant Mamiya America Corporation d/b/a MAC Group is a New York corporation with its principal place of business at 75 Virginia Rd., White Plains, New York 10603.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2020

3. Defendant Kupo Co. Ltd. is a corporation existing under the laws of Taiwan with its principal place of business at 6F, No. 4, Lane 609, Sec. 5, Chung Shin Rd., San Chung, Taipei, Taiwan.

4. NPI is the owner of United States Trademark Reg. No. 4,254,086, attached hereto as Exhibit A, which covers the three-dimensional configuration of a double-socket mount arm that is tapered in the middle like an hourglass ("Registered Hourglass Trademark").

5. NPI previously enforced its Registered Hourglass Trademark against Arkon Resources, Inc. *National Products Inc. v. Arkon Resources, Inc.*, No. 2:15-cv-1553 (W.D. Wash. filed Sept. 30, 2015). Following trial, a jury found NPI's Registered Hourglass Trademark valid and infringed, and the judgment was affirmed by the Ninth Circuit. *National Products Inc. v. Arkon Resources, Inc.*, 773 Fed. App'x 337 (9th Cir. 2019).

6. Defendants have sold products that include a double-socket mount arm that is tapered in the middle like an hourglass, including products sold under the Super Knuckle product name and shown below ("Accused Products"):



7. NPI filed this action against Defendants on April 20, 2020, alleging infringement of the Registered Hourglass Trademark (the "Action").

8. Defendants have denied that the Registered Hourglass Trademark is valid or infringed. However, solely for purposes of the settlement, Defendants admit that the Registered

Hourglass Trademark is valid and enforceable and irrevocably waive the right to contest the validity or enforceability of the Registered Hourglass Trademark for the Accused Products and all past, present, and future products.  The parties further agree that further unauthorized sales of products falling under the scope of the Registered Hourglass Trademark (for example, the Accused Products) shall cause irreparable harm to NPI, and NPI shall be entitled to an injunction to prevent such infringement.

9. This is an action for trade dress infringement arising under 15 U.S.C. §§ 1114 and 1125(a).  This Court thus has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338(a) and (b).

10. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

11. This Consent Judgment shall finally conclude and dispose of this litigation.  As to all parties, this Judgment shall be given issue preclusive and claim preclusive effect in future litigation or Patent and Trademark Office proceedings relating to the Registered Hourglass Trademark.  The parties explicitly intend such issue preclusion and claim preclusion effects to extend to the issues of validity and enforceability of the Registered Hourglass Trademark, whether raised in a court proceeding, Patent and Trademark Office proceeding, or other dispute even with respect to materially different products.

**THE COURT ORDERS as follows:**

A. Each party is to bear its own costs and attorneys' fees incurred in this litigation.

B. In view of NPI's valid and enforceable Registered Hourglass Trademark, effective 90 days from the entry of this Consent Judgment, Defendants are hereby enjoined from importing, purchasing, advertising, marketing, selling, or otherwise disposing of the Accused

Products. Upon entry of this Consent Judgment, and until 90 days after the entry of this Consent Judgment, Defendants shall be permitted to import, purchase, advertise, market, sell, or otherwise dispose of the Accused Products solely as permitted by the Parties' Settlement Agreement.

    C.    No party to this Consent Judgment may appeal the Consent Judgment. Instead, all parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Consent Judgment.

    D.    This Consent Judgment finally concludes and disposes of all the claims by NPI against Defendants in this Action **with prejudice**.

    E.    Final judgment shall be entered pursuant to this Consent Judgment, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: White Plains, NY
July 6, 2020.

_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Clerk of the Court requested to terminate the motion (doc. 23).

Dated: June 30, 2020

Respectfully submitted,

FENWICK & WEST LLP

By: *s/David K. Tellekson*
    David K. Tellekson (NY Bar No. 4401733)
    1191 Second Avenue, 10th Floor
    Seattle, WA 98101
    Telephone: 206.389.4510
    Facsimile: 206.389.4511
    Email: dtellekson@fenwick.com

Attorneys for Plaintiff National Products Inc.

Dated: June 30, 2020

LEASON ELLIS LLP

By: *s/Yuval H. Marcus*
    Yuval H. Marcus
    Lori L. Cooper
    One Barker Avenue, Fifth Floor
    White Plains, NY 10601-1526
    Telephone: 914.821.9075
    Facsimile: 914.288.0022
    Email: marcus@leasonellis.com
            cooper@leasonellis.com

Attorneys for Defendants Mamiya America Corporation d/b/a MAC Group and Kupo Co. Ltd.